## WARREN *versus* MILLER.

By the statute of 1846, non tenure can be pleaded in abatement only. Such a plea must, (except by leave of Court,) be filed at the return term of the writ.

Though the action be continued, the necessity of filing such plea at the first term is not removed by an order of the Court, obtained on motion, that the demandant should file an abstract of his title by the middle of vacation.

ON EXCEPTIONS, from *Nisi Prius*, HOWARD, J. presiding.

WRIT OF ENTRY. At the return term, the tenant moved, and the Court ordered, under R. S. chap. 145, sect. 5, that the demandant, by the middle of vacation, should file a statement of the title upon which he relied, and the origin of it. Leave was, at the same time, given to the tenant to plead non tenure. The action was then continued.

At the next term, the tenant pleaded the general issue, with a brief statement "that he is in possession of the demanded premises, under and by authority of Stephen Hilton, who is the owner thereof."

The demandant moved that the brief statement be rejected, because it is in substance a special plea of non tenure, which, by the Act of 1846, chap. 221, can be pleaded in abatement only, and should therefore be filed at the first term. The motion was disallowed; whereupon the demandant became nonsuit, reserving leave to file exceptions, which he accordingly did.

*Warren, pro sese.*

*D. D. Stewart,* for the tenant.

WELLS, J. — By the Act of August 10, 1846, chap. 221, it is provided, that "in all writs of entry, the defendant may plead that he is not tenant of the freehold, in abatement, but not in bar. And if any defendant would avail himself of the provisions of the ninth section of the one hundred and forty-fifth chapter of the Revised Statutes, his pleadings and brief statement shall be filed within the time required for filing pleas of abatement, and not after, except by special leave of the Court, and on such terms as the Court shall direct."

The substance of the tenant's brief statement is, that he was not tenant of the freehold, but held the possession of the premises as tenant, under Stephen Hilton. This was not filed at the first term of the Court, and if such ground of defence could be presented by a brief statement, it was not done in season, and the tenant was precluded at that time from making such defence.

An omission of the demandant to comply with the order of Court, to file an informal statement of his title, according to chap. 145, sect. 5, would not authorize matter in abatement, to be pleaded in bar.

It is not apparent that an exhibition of title would have been of any service to the tenant, if his defence was placed altogether upon the ground, that he was not tenant of the freehold. If the action had proceeded to trial, no evidence could have been received of the character of that, contemplated by the brief statement. The nonsuit is taken off, and the action is to stand for trial.